UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
AT EAST ST. LOUIS

MIKE'S, INC.,

      Plaintiff,

vs.                                                       Case No. 3:13-cv-232-DRH-DGW

The Vessel **WHITE STAR ONE**, and its
engines, tackle, equipment, furnishings,
and other appurtenances, *in rem*,
and **WHITE STAR LINE, LLC**, and
**JOHN JOSLYN**, *in personam*,

      Defendants.

## VERIFIED COMPLAINT IN ADMIRALTY

Plaintiff Mike's, Inc., by and through its undersigned attorneys, states the following as and for its Verified Complaint in Admiralty against Defendants vessel WHITE STAR ONE *in rem*, and White Star Line, LLC and John Joslyn, *in personam*:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Plaintiff Mike's, Inc. was and is an Illinois corporation with its principal office and place of business at 109 Velma, South Roxana, Illinois 62087. Plaintiff Mike's, Inc. also operates another facility and place of business at or near Mile 198.8 on the Upper Mississippi River, near Wood River, Illinois.

3. Defendant vessel known as the WHITE STAR ONE consists of a towing vessel, bearing official number 993339 from the United States Coast Guard, and a passenger barge, bearing official number 993340 from the United States Coast Guard. The towing vessel section

1

of the hull of the WHITE STAR ONE has dimensions of 105.9 feet long by 56 feet in breadth and 13 feet in depth. The passenger barge section of the hull of the WHITE STAR ONE has dimensions of 300 feet long by 56 feet in breadth and 13 feet in depth. (The WHITE STAR ONE formerly was known as the CASINO QUEEN.)

4. The vessel WHITE STAR ONE is now and will be during the pendency of this action within the jurisdiction of this Honorable Court.

5. At all material times, Defendant White Star Line, LLC was a limited liability company organized and existing under the laws of Delaware and was doing business in the Southern District of Illinois and is subject to the jurisdiction of this Honorable Court.

6. At all material times, Defendant White Star Line, LLC was the owner of the Defendant vessel WHITE STAR ONE.

7. At all material times Defendant John Joslyn was an individual acting as principal and owner with respect to the defendant vessel WHITE STAR ONE and who did business within this district and subjected himself to the jurisdiction of this Honorable Court.

8. Commencing on or about April 1, 2011 and continuing until the present date, pursuant to the orders and requests of Defendants White Star Line and John Joslyn, Plaintiff has provided mooring services and other services for the vessel WHITE STAR ONE at Plaintiff's facility and place of business at or near Mile 198.8 on the Upper Mississippi River, in or near Wood River, Illinois.

9. The agreed and fair value of the mooring and other services Plaintiff provided for the vessel WHITE STAR ONE from April 1, 2011 until March 8, 2013 is $348,266.72.

10. Despite Plaintiff's numerous due demands for payment of said sum and other amounts by Defendants as they have accrued, Defendants have failed to pay Plaintiff for the full

value of the mooring services and other services that Plaintiff has provided to the defendant vessel.

11. After giving credit to Defendants for partial payments that have been made to Plaintiff, the amount of Two Hundred Ninety-Seven Thousand Six Hundred twenty-three and 19/100 Dollars ($297,623.19), plus interest on the unpaid balance at the agreed stated rate of 24% per year, is currently due from Defendants to Plaintiff for the mooring services and other services Plaintiff has provided to the defendant vessel WHITE STAR ONE.

12. Pursuant to 46 U.S.C § 31342, Plaintiff is entitled to assert and foreclose a maritime lien on the defendant vessel WHITE STAR ONE, in the amount of $297,623.19, plus interest, through the date of filing of this Complaint.

13. By reason of the premises, Plaintiff is entitled to judgment against Defendants, jointly and severally in the amount of $297,623.19, plus interest on the unpaid balance at the rate of 24% per year, Plaintiff's attorneys' fees, and costs.

WHEREFORE, Plaintiff Mike's, Inc. prays for the following relief:

a. That process in due form of law, according to the rules and practices of this Court in causes in admiralty and maritime jurisdiction, be issued against the Vessel WHITE STAR ONE, Official Nos. 993339 and 993340, together with her engines, tackle, appurtenances, etc., *in rem*, citing it to appear and answer all and singular the matter aforesaid.

b. That Plaintiff's claim be judged a preferred maritime lien on the vessel in the amount of $297,623.19, plus interest as alleged herein.

c. That judgment be entered in favor of Plaintiff Mike's, Inc. and against Defendants jointly and severally, *in rem* against the vessel WHITE STAR ONE, and *in personam* against White Star Line, LLC and John Joslyn, in the amount of $297,623.19, plus interest at the rate of 24% per year, Plaintiff's attorneys' fees, and costs.

d.  That the Vessel WHITE STAR ONE be arrested, condemned and sold to satisfy plaintiff's judgment, in whole or in part, with interest, attorneys' fees, costs and expenses; and

e.  That Plaintiff be granted such other and further relief as law and justice may require.

GOLDSTEIN and PRICE, L.C.

By: /s/ Robert Nienhuis
　　　Robert Nienhuis IL # 2053462
One Memorial Drive, Suite 1000
St. Louis, MO 63102-2449
Telephone (314) 516-1713
Fax (314) 421-2832
robert@gp-law.com
ATTORNEYS FOR PLAINTIFF

## Verification of Complaint by Mike's, Inc., v. Vessel WHITE STAR ONE, *in rem*, and White Star Line, LLC and John Joslyn, *in personam*

State of Illinois            )
                             )
County of Madison            )

Amy Jo Marko, being duly sworn, deposes and says:

I am the corporate Secretary of Mike's, Inc., plaintiff herein. I have read the foregoing Complaint and know the contents thereof. The allegations in the Complaint are true based upon my own knowledge, information, and belief.

The reason I make this verification is that Mike's, Inc. is a corporation, and I am an officer thereof, to wit, its Secretary.

The sources of my information and the grounds of my belief as to all matters not stated in the Complaint to be alleged upon my own personal knowledge are reports made to me by authorized agents and employees of Mike's, Inc. and the records of the corporation kept in the ordinary course of business.

_____
Amy Jo Marko

Subscribed and sworn to before me this __8th__ day of March 2013.

_____
Notary Public

OFFICIAL SEAL
JAYNE E SHEA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/22/13