**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| MIKE'S, INC. | ) | |
|                Plaintiff | ) | |
| v. | ) | Case No. 3:13-cv-232-DRH-DGW |
| | ) | |
| Vessel WHITE STAR ONE, et al., | ) | |
| | ) | |
|                Defendant | ) | |

**AMENDED RESPONSE OF REGIONS BANK TO MOTION**
**FOR INTERLOCUTORY SALE OF VESSEL**

Regions Bank, by counsel, responds as follows to Plaintiff's Motion for Interlocutory Sale of Vessel ("Motion"):

1. Regions Bank does not object to an interlocutory order to sell the vessel upon the proper terms and conditions that protect Regions Bank's preferred ship mortgage and the value thereof.

2. Regions Bank objects to the assessment of costs and expenses of a custodian at the rate of $4,500 per day. Such a rate is unreasonable and inequitable.

3. Although counsel for Plaintiff had a telephone conference with the undersigned on February 1, 2013, in which the undersigned advised that he represented Regions Bank in connection with its lien in the vessel, counsel for Plaintiff thereafter sent notices to far-flung offices of Regions Bank without notifying the undersigned counsel in any manner that such notices were being sent at the time they were sent. Such notices include the letter that is attached as Exhibit A to the Motion and the notice of the arrest of the vessel early in this case. The Order Authorizing Arrest of Vessel had long been entered by the Court before the undersigned was provided copies of these documents.

4. Plaintiff filed claims of liens with the U. S. Coast Guard National Vessel Documentation Center on or about November 30, 2011 and October 10, 2012, copies of which are

attached hereto as Regions' Exhibits A & B. Those lien claims, together with the letter attached to Plaintiff's Motion as Exhibit C, demonstrate that the reasonable amount of reimbursement for Plaintiff's services before filing the claim of lien and this action was a small fraction of what is being claimed as an administrative expense in this Court. It is a fair to ask whether Plaintiff was so badly informed before it initiated legal proceedings about a matter central to its business, the reasonable rate of its services, and whether Plaintiff is claiming such high rates now in an attempt to recoup some of its pre-litigation costs and expenses.

5. In the order appointing Plaintiff as the custodian of the vessel, this Court ordered that its rate of compensation would be considered at a later date. The Motion and the proposed Order that has been submitted to the Court may be read to provide for such payment without such consideration by the Court.

a. The proposed Order submitted to the Court provides that the custodian's expenses are part of the administrative expenses that may be paid out of the 10% deposit of a bidder in the event that the Court does not approve the sale or the bidder fails to complete the sale. (Proposed Sale, par. 11.) That provision is objectionable because it allows for payment of the unreasonable custodian's fees described above.

b. The proposed Order provides that expenses for maintenance and custody of the vessel "incurred by the Marshal" shall be Marshal's expenses of sale. (Proposed Order, par. 9.) There should not be any such expenses, in that the sale will be advertised and held at the premises of the current custodian, and there is no maintenance and custody expenses for the Marshal in arranging for the sale at that location.

6. The Motion fails to request, and the proposed Order fails to provide, that the lien claims of Regions Bank or any other party will be preserved and transferred to the proceeds of the

Marshal's sale. An order of sale without such provision would imperil Regions Bank's lien claim and possibly deprive it of the benefits of its preferred ship mortgage.

7. The Court should allow the vessel to be sold, with the liens of Regions Bank and other claimants to be preserved and transferred to the proceeds of sale as their interests may appear, and without any allocation of proceeds to or for the benefit of the custodian of the vessel, whether through the Marshal or otherwise, until further motion and notice by the appropriate parties and hearing by the Court.

WHEREFORE, Regions Bank prays that the Court enter its order allowing the interlocutory sale of the vessel only upon the conditions that the lien claims of Regions Bank and other parties are preserved and transferred to the proceeds of the sale, that no allocation or payment of expenses to or for the benefit of the custodian of the vessel, whether through the Marshal or otherwise, be allowed from the said proceeds without further motion, notice and hearing in this Court, and for such other and further relief that will protect Regions Bank's interests in the vessel.

                                            */s/ James S. Cole*
                                            James S. Cole, Member of District Bar
                                            The Wasinger Law Group, P.C.
                                            1401 South Brentwood Boulevard, Ste. 875
                                            St. Louis, Missouri 63144
                                            (314) 961-0400; (314) 961-2726 FAX
                                            jcole@wasingerlawgroup.com

                                            Attorneys for Regions Bank

CERTIFICATE OF SERVICE

  The undersigned certifies that a copy of the foregoing document and all exhibits described therein was sent by ECF notice to those participating therein and was mailed, first-class postage prepaid, to the remaining persons listed at the addresses shown below on June 20, 2013.

                /s/ James S. Cole

| | |
|---|---|
| Robert Nienhuis, Esq. | Theodore H. Lucas, Esq. |
| Goldstein & Price, L.C. | Fox Galvin LLC |
| One Memorial Drive, Suite 1000 | One South Memorial Drive, 12th Fl. |
| St. Louis, MO  63102-2449 | St. Louis, MO  63102 |
| | |
| Attorney for Plaintiff | Attorney for Defendants |

Andrew S. Buchanan, Esq.
Buchanan Williams Stilley PC
7908 Bonhomme, Suite 200
St. Louis, MO  63105

Attorneys for ACF Property Management, Inc.