IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MIKE'S, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:13-cv-232-DRH-DGW |
| THE VESSEL WHITE STAR ONE, and its ) | |
| engines, tackle, equipment, furnishings, and ) | |
| other appurtenances, *in rem*, and WHITE ) | |
| STAR LINE, LLC and JOHN JOSLYN, *in* ) | |
| *personam*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT WHITE STAR LINE, LLC'S, THE VESSEL
WHITE STAR ONE'S, AND JOHN JOSLYN'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER
OF INTERLOCUTORY SALE OF VESSEL**

COME NOW defendants, White Star Line, LLC, The Vessel WHITE STAR ONE, and John Joslyn, by and through their undersigned attorney, and for their Memorandum in Opposition to Plaintiff's Motion for Order of Interlocutory Sale of Vessel, state as follows:

## I. INTRODUCTION

As more fully explained below, plaintiff's Motion for Order of Interlocutory Sale of Vessel should be denied, or alternatively, the sale date should be delayed until October 15, 2013, because: (1) with the Court's permission, the vessel WHITE STAR ONE will be moved to Polestar Marina where it will be moored at a cost of $200 per day; (2) Legacy Family Entertainment, LLC, the sole members of which are John Joslyn and his wife, Mary Kellogg-Joslyn, is attempting to obtain financing to satisfy White Star Line, LLC's obligations to Regions Bank, ACF Property Management, Inc., and Mike's, Inc. (as more fully set forth below, the amount claimed by Mike's, Inc., is grossly overstated) and it is anticipated that funds will be

1

available by September 30, 2013; (3) allowing the vessel WHITE STAR ONE to be sold at auction before the above-described financing is in place could unnecessarily expose John Joslyn and his wife, Mary Kellogg-Joslyn, to substantial personal liability, whereas delaying the sale until October 15, 2013, will not prejudice the plaintiff.

## II. STATEMENT OF FACTS

1. White Star Line, LLC, is a Delaware Limited Liability Company formed on April 21, 2008. John Joslyn is the Manager of White Star Line, LLC. Affidavit of John Joslyn, attached hereto as Exhibit A.

2. On June 11, 2008, White Star Line, LLC, purchased the vessel WHITE STAR ONE (formerly known as THE CASINO QUEEN) for $2,500,000. White Star Line, LLC, is the current owner of the vessel WHITE STAR ONE. Affidavit of John Joslyn.

3. The current fair market value of the WHITE STAR ONE is approximately $1,543,800. Affidavit of William J. Manley, attached hereto as Exhibit B.

4. The vessel WHITE STAR ONE is subject to a Preferred Ship Mortgage in favor of Regions Bank ("Regions"). The original amount of that mortgage was $2,500,000. The amount owed on the First Preferred Ship Mortgage has been reduced to approximately $1,413,256. *See* Regions Verified Claim of Interest (Doc. 20).

5. The vessel WHITE STAR ONE is also subject to an additional Preferred Ship Mortgage in favor of ACF Property Management, Inc. ("ACF"). The amount currently owed to ACF is approximately $1,026,645. *See* ACF's Verified Claim of Interest (Doc. 26).

6. John A. Joslyn and Mary Kellogg-Joslyn, have signed personal guarantees for the Regions loan and the ACF loan. Affidavit of John Joslyn.

7. The vessel WHITE STAR ONE began docking at Mike's, Inc., on October 26, 2008. Mike's, Inc., and White Star Line, LLC, agreed that Mike's, Inc., would charge $200 per day for mooring, and Mike's, Inc., did so for twenty-six (26) months from October 31, 2008, through December 31, 2010. Affidavit of John Joslyn with attached invoices.

8. Commencing January 2011, Mike's, Inc., unilaterally began charging $300 per day for the mooring fee. Commencing November 30, 2011, Mike's, Inc., unilaterally increased the mooring rate to $500 per day. In February 2013, Mike's, Inc., unilaterally increased the mooring rate to $1,000 per day. As a result of these unreasonable increases in the mooring rate, Mike's, Inc., has charged a total of $698,119.06 for mooring from October 26, 2008, through March 19, 2013. Affidavit of John Joslyn.

9. At $200 per day, Mike's, Inc.'s charges for the October 26, 2008 to March 19, 2013 time period would total $492,719.06. Mike's, Inc., has been paid $399,495.87 for its mooring services. Affidavit of John Joslyn.

10. Thus, *at most*, White Star Line, LLC, owes Mike's, Inc., $93,223.19. Even this amount is inflated due to mooring surcharges, charges for shore power, charges for material, equipment, and labor, which are disputed. Affidavit of John Joslyn.

11. At the request of White Star Line, LLC, marine engineer and surveyor William Manley has designed a mooring for the vessel WHITE STAR ONE at Polestar Marina. A copy of Mr. Manley's plans are attached. Affidavit of William J. Manley.

12. White Star Line, LLC, has entered into an agreement with Polestar Marina for mooring of the vessel WHITE STAR ONE at a rate of $200 per day. A copy of the agreement is attached to the Affidavit of John Joslyn. The estimated date for completion of the mooring

3

system is August 1, 2013.  The WHITE STAR ONE will be moved to Polestar as soon as the mooring system is installed.   Affidavit of John Joslyn.

13.	Legacy Family Entertainment, LLC ("Legacy"), whose only members are John Joslyn and Mary Kellogg-Joslyn, is in the process of obtaining financing that will enable White Star Line, LLC, to pay the Preferred Ship Mortgages and any amounts owed to Mike's, Inc.  Legacy anticipates receiving a letter of commitment for said financing on or before July 30, 2013, and closing on the financing on or before September 30, 2013.  Obtaining said financing has been delayed because it took much longer than expected to obtain the appraisal for 18 acres of partially developed/partially undeveloped property that is being used for security for said financing.  The appraisal will be completed by July 5, 2013, and will be submitted to the lender by July 10, 2013.  A response from the lender is expected by July 30, 2013.  Affidavit of John Joslyn.

14.	The estimated fair market value of the vessel WHITE STAR ONE is approximately $1,500,000.  If it is sold at auction prior to White Star Line, LLC, being given every reasonable opportunity to find a new mooring location and to obtain financing, it is likely that there will be a large deficiency between the amount obtained from the sale and the amount owed to Regions and ACF, and Regions and ACF will attempt to recover that deficiency from the Joslyns.

15.	The condition of the WHITE STAR ONE is stable and will not significantly deteriorate in the next four months.  Affidavit of William J. Manley.

# III. ARGUMENT

A. **Allowing the Vessel WHITE STAR ONE to be Sold at Auction Before the Above-Described Financing is in Place Will Unnecessarily Expose John Joslyn and his Wife, Mary, to Substantial Personal Liability, Whereas Delaying the Sale Until October 15, 2013, Will Not Prejudice the Plaintiff.**

As set forth in the Statement of Facts, the amount of the debt on the vessel WHITE STAR ONE exceeds its current fair market value by approximately $1,000,000. If there is a forced sale of the vessel WHITE STAR ONE, Regions and ACF will presumably pursue the Joslyns personally for the deficiency.

Granting White Star Line, LLC, up to and including October 15, 2013, to satisfy its obligations to Regions, ACF, and Mike's, Inc., or, alternatively, to post-date a bond satisfactory to the Court, will have little or no prejudice on the plaintiff or the other lienholders because: (1) the WHITE STAR ONE will not meaningfully deteriorate over the course of the next four months (see Affidavit of William J. Manley); (2) if the Court determines that the reasonable daily mooring rate is $200 per day, then the additional mooring charges for the period of time between the August sale date sought by plaintiff and the October sale date proposed by White Star Line, LLC, amounts to only $12,000; and (3) due to the fair market value of the vessel (approximately $1,500,000) and the amount of the Preferred Ship Mortgages (approximately $2,500,000), Mike's, Inc.'s third priority claim for $297,623 for pre-arrest mooring charges[1] will not be satisfied from the sale of the vessel, and the amount due to Mike's, Inc., as substitute

---

[1] 46 USCA § 31326(b)(1). 46 USCA § 31301(5)(A). As shown by the Abstract of Title attached hereto as Exhibit C, the Regions Mortgage was filed on June 17, 2008, and the ACF Mortgage was filed on November 25, 2009. Mike's, Inc.'s claimed lien is for services rendered on and after April 1, 2011. Plaintiff's Complaint (Doc. 2) at ¶ 8. Consequently, Mike's, Inc. is in a third priority position for its pre-arrest mooring services. 46 USCA §§ 31301(5)(A) and 31326(b)(1).

custodian, which is a first priority lien[2], will be paid whether the vessel is sold in August or October.

Furthermore, a delay of approximately seven months between the date of arrest (March 20, 2013) and the date of sale (October 15, 2013) is not unreasonable under the facts of this case given that White Star Line, LLC, has been attempting to move the vessel to Polestar Marina, but those efforts have been thwarted by high water, and has simultaneously been attempting to obtain funds to satisfy its obligations to Regions, ACF, and Mike's, Inc., and those funds should be available by September 30, 2013.

### B. The $4,500/day Sought by Mike's Inc., for Serving as Substitute Custodian in Unreasonable.

$4,500 per day is not a reasonable amount for mooring the vessel WHITE STAR ONE as demonstrated by the fact that Mike's, Inc., initially charged $200 per day for 26 months (October 2008 through December 2010), and Polestar Marina is willing to moor the vessel currently for $200 per day. By charging the exorbitant rate of $4,500 per day as substitute custodian, Mike's, Inc., is simply trying to convert its third-party position (after the Preferred Ship Mortgages) into a first position. Two hundred dollars ($200) per day is a reasonable amount for the mooring services provided by Mike's, Inc., as substitute custodian.

The affidavits relied on by plaintiff in support of the $4,500 per day figure are without merit. Both Lewis & Clark and Osage Marine Services are in the business of mooring *barges*, not casino boats. Neither affidavit states that they have ever previously moored a casino boat, much less the customary charge for that service. Both affidavits arrived at a per day figure primarily by determining that mooring the WHITE STAR ONE would occupy one entire barge fleet, and then estimating the amount of revenue that would be lost by virtue of losing a barge

---

[2] 46 USCA § 31326(b)(1).

fleet. As demonstrated by plaintiff's motion (Doc. 32) at page 2, ¶ 5, Mike's, Inc., is not a barge fleeting service. Instead, it apparently allows towboats to tie up at its dock for no charge in the hopes that will lead to other services. Plaintiff's motion makes no showing that it charges anything for towboats to tie off, much less how much. Nor does it make any showing that it has lost any business whatsoever as a result of the presence of the WHITE STAR ONE.

## IV. CONCLUSION

For the foregoing reasons, defendants White Star Line, LLC, The Vessel WHITE STAR ONE, and John Joslyn pray that the Court will deny plaintiff's Motion for Order of Interlocutory Sale or, in the alternative, delay said sale from the August date sought by plaintiff to October 15, 2013.

s/ Theodore H. Lucas
Theodore H. Lucas, # 06203138
FOX GALVIN, LLC
One South Memorial Drive, 12th Floor
St. Louis, MO 63102
314-588-7000
314-588-1965 (Fax)
tlucas@foxgalvin.com

Attorneys for Defendants
The Vessel WHITE STAR ONE, White Star Line, LLC, and John Joslyn

**CERTIFICATE OF SERVICE**

The undersigned certifies that service was made by means of the Notice of Electronic Filing, this 1st day of July, 2013, to the following counsel of record:

Mr. Robert Nienhuis
Goldstein and Price, L.C.
The Gateway Tower, Suite 1000
One Memorial Drive
St. Louis, MO 63102-2449

Mr. David G. Wasinger
Mr. James S. Cole
The Wasinger Law Group, P.C.
Magna Place, Suite 875
1401 S. Brentwood Blvd.
St. Louis, MO 63144

Mr. Andrew S. Buchanan
Buchanan, Williams & Stilley, P.C.
7908 Bonhomme, Suite 200
St. Louis, MO 63105

s/ Theodore H. Lucas